■ BLYTHEDALE CHILDREN'S HOSPITAL, Appellant, v KRISTINE MILLER, an Infant, by Her Father and Natural Guardian, GEORGE MILLER, et al., Defendants, and CALIFORNIA-WESTERN STATES LIFE INSURANCE COMPANY, Also Known as CAL-WESTERN LIFE, Respondent.—In an action to recover for hospital services rendered, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County, dated June 13, 1978, as, upon granting the cross motion of defendant California-Western Life Insurance Co. for summary judgment, dismissed the complaint as against that defendant. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and cross motion denied. In this case, the infant daughter of the defendant George Miller was admitted as a patient to the plaintiff's institution. At that time Mr. Miller signed a document entitled "Authorization for Release of Medical Information, Financial Agreement and Guarantee of Account", which stated: "For and in consideration of services rendered or to be rendered to the above named patient [the defendant Miller's daughter], I hereby authorize payment directly to the above named hospital of any and all insurance benefits to which I may otherwise be entitled." It also authorized plaintiff to release medical infor-

mation necessary to process a claim for benefits and it contained a covenant in which Mr. Miller agreed to be "fully and totally responsible to the hospital" for his daughter's bills. Pursuant to this document, plaintiff submitted four claims for insurance proceeds based on the medical care it rendered to Mr. Miller's daughter over different periods of time. These claims stated that the benefits under Mr. Miller's policy "have been assigned." The parties agree that, at the very least, a copy of the document accompanied the first bill. The defendant insurance company paid the first and fourth bills to the plaintiff, but paid the second and third to Mr. Miller, who failed to remit the insurance proceeds to plaintiff. In our opinion three genuine issues of fact appear on this record sufficient to preclude an award of summary judgment dismissing plaintiff's complaint against the defendant insurance company. First, it is not clear whether the parties intended to treat the document in question as an assignment of insurance benefits or merely as an authorization by the insured to make direct payment of insurance benefits to the plaintiff. Second, we are unable to say, as a matter of law, whether plaintiff does or does not qualify as a "hospital", as that term is defined by the contract of insurance. Third, there is a factual question as to whether the defendant insurance company should be equitably estopped from denying that the document in question constituted an assignment, since the claims submitted stated that there had been such an assignment and, allegedly with that knowledge, said defendant had made payment of the first and fourth claims to the plaintiff (see *Brown v Bowen,* 30 NY 519, 540; 28 Am Jur 2d, Estoppel and Waiver, § 149). Hopkins, J. P., Damiani, Rabin and Shapiro, JJ., concur.